# Exhibit 1

Exhibit 1 to
Notice of Removal

1 | **GUTRIDE SAFIER LLP**
ADAM J. GUTRIDE (State Bar No. 181446)
2 | SETH A. SAFIER (State Bar No. 197427)
MARIE A. MCCRARY (State Bar No. 262670)
3 | 100 Pine Street, Suite 1250
San Francisco, CA 94111
4 | Telephone: (415) 271-6469
5 | Facsimile: (415) 449-6469

6 | Attorneys for Plaintiff

7 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

8 | COUNTY OF SANTA CLARA

9

10 | MAURY ADKINS, an individual, on behalf of himself, the general public and those similarly

11 | situated,

CASE NO. 1 5 C V 2 7 8 8 4 9

UNLIMITED CIVIL CASE

12 |     Plaintiff,

13

14 |     v.

15 | HEWLETT-PACKARD COMPANY and DOES 1-50,

16 |     Defendants.

17

COMPLAINT FOR VIOLATION OF THE CALIFORNIA CONSUMERS LEGAL REMEDIES ACT; FALSE ADVERTISING; FRAUD, DECEIT, AND/OR MISREPRESENTATION; UNFAIR BUSINESS PRACTICES; BREACH OF EXPRESS WARRANTY; and BREACH OF CONTRACT

JURY TRIAL DEMANDED

18

19

20

21

22

23

24

25

26

27

28

-1-

## INTRODUCTION

1.     Plaintiff Maury Adkins, by and through his counsel, brings this class action against Defendant Hewlett-Packard Company, on behalf of himself, the general public, and those similarly situated, for violations of the California Consumer Legal Remedies Act ("CLRA"), the California and Massachusetts false advertising laws, fraud, deceit and/or misrepresentation, violations of the California Unfair Competition Law ("UCL") and, in the alternative, the Massachusetts Consumer Protection Act, and breach of express warranty under California and Massachusetts law, and breach of contract. The following allegations are based upon information and belief, including the investigation of Plaintiff's counsel, unless stated otherwise.

2.     HP advertises and markets its computer hardware as being sold with an express Limited Warranty, which guarantees that the computer hardware will be "free from defects in materials or workmanship under normal use during the Limited Warranty Period." The Limited Warranty further provides that HP will repair or replace any defective component during the Limited Warranty Period. HP represents that the Limited Warranty Period begins on the date of purchase.

3.     HP has a corporate policy of commencing the Limited Warranty for computer hardware sold to consumers through retailers prior to the date of purchase by the consumer. As a result, consumers purchasing HP computer hardware from a third party retailer do not receive the promised one-year warranty. HP does not disclose to consumers or otherwise inform them that they have a right to request that HP revise their warranty commencement date. Further, if the consumer does not complain near the date of purchase and/or before the consumer seeks service under the warranty, HP will not revise the warranty commencement date to coincide with the purchase date. Consumers, such as Plaintiff, are denied warranty service for defects that arise during the Limited Warranty Period.

4.     HP's practice of truncating the Limited Warranty Period, HP's failure to disclose this practice to consumers, and consumer's denial of the valuable warranty period and the promised repairs violates the UCL, CLRA and the Massachusetts Consumer Protection Act, constitutes fraud and false advertising, breaches HP's contractual covenant to provide one year of

1 warranty coverage for all new computer hardware, and breaches the express warranty.

2 **PARTIES**

3 5. Maury Adkins ("Plaintiff") is an individual and a resident of Alabaster, Alabama.

4 Plaintiff was a resident of Brockton, Massachusetts at the time of his purchase of an HP product.

5 6. Defendant Hewlett-Packard Company ("HP") is a corporation existing under the

6 laws of the State of Delaware, having its principal place of business in Palo Alto, California.

7 7. The true names and capacities of Defendants sued as Does 1 through 50 inclusive

8 are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names pursuant to

9 section 474 of the California Code of Civil Procedure. Plaintiff will seek leave of Court to amend

10 this Class Action Complaint when said true names and capacities have been ascertained.

11 8. The parties identified in paragraphs 6-7 of this Class Action Complaint are

12 collectively referred to hereafter as "Defendants."

13 9. At all times herein mentioned, each of the Defendants was the agent, servant,

14 representative, officer, director, partner or employee of the other Defendants and, in doing the

15 things herein alleged, was acting within the scope and course of his/her/its authority as such

16 agent, servant, representative, officer, director, partner or employee, and with the permission and

17 consent of each Defendant.

18 10. At all times herein mentioned, each of the Defendants was a member of, and

19 engaged in, a joint venture, partnership and common enterprise, and acted within the course and

20 scope of, and in pursuance of, said joint venture, partnership and common enterprise.

21 11. At all times herein mentioned, the acts and omissions of each of the Defendants

22 concurred and contributed to the various acts and omissions of each and all of the other

23 Defendants in proximately causing the injuries and damages as herein alleged.

24 12. At all times herein mentioned, each of the Defendants ratified each and every act

25 or omission complained of herein.

26 13. At all times herein mentioned, each of the Defendants aided and abetted the acts

27 and omissions of each and all of the other Defendants in proximately causing the damages, and

28 other injuries, as herein alleged.

-2-

## JURISDICTION AND VENUE

14.     This action is brought by Plaintiff pursuant, *inter alia*, to the California Business and Professions Code, section 17200, *et seq*. Plaintiff and Defendants are "persons" within the meaning of the California Business and Professions Code, section 17201.

15.     The injuries, damages and/or harm upon which this action is based, occurred or arose out of activities engaged in by Defendants within, affecting, and emanating from, the State of California.

16.     Defendants have engaged, and continue to engage, in substantial and continuous business practices in the State of California, including in the County of Santa Clara.

17.     In accordance with California Civil Code section 1780(d), Plaintiff's counsel concurrently files herewith a declaration establishing that, at all times during the class period, Defendants' principal place of business was located in the county in which the action is brought. (Plaintiff's counsel's declaration is attached hereto as Exhibit A.)

18.     Plaintiff accordingly alleges that jurisdiction and venue are proper in this Court.

## SUBSTANTIVE ALLEGATIONS

19.     HP is one of the world's largest manufacturers and vendors of personal computers. HP sells computers, including desktops, laptops, and notebooks, under the brand names HP and Compaq. The HP and Compaq branded personal computers are referred to herein collectively as the "HP Hardware Products."

20.     HP advertises on its website that each of the HP Hardware Products includes a "limited 1-year standard commercial warranty." Further, HP's website has a HP Product Documentation page which allows consumers to review the complete Limited Warranty for each of the HP Hardware Products. (https://hpotb.cpac.com/#/search?jumpid=hpr_r1002_usen_link4.)

21.     HP sells the HP Hardware Products through various retailers, including both brick-and-mortar retailers and online retailers. To promote the sale of the HP Hardware Products, HP provides information to all retailers of the HP Hardware Products which relates to the HP Hardware Products. HP represents to all its retailers that the HP Hardware Products include the written Limited Warranty. At HP's direction and under HP's supervision, HP's retailers represent

-3-

1    that the HP Hardware Products include a manufacturer's one-year limited warranty.

2        22.     HP's Limited Warranty applicable to HP's Hardware Products states, in pertinent

3    part, in similar or identical terms, the following:

> This Limited Warranty applies only to HP-branded and Compaq-branded hardware products (collectively referred to in this document as "HP Hardware Products") sold by or leased from Hewlett-Packard Company, its worldwide subsidiaries, affiliates, authorized resellers, or country distributors (collectively referred to in this Limited Warranty as "HP") with this Limited Warranty. The term "HP Hardware Product" is limited to the hardware components and required firmware. ...

> HP guarantees that the HP Hardware Products that you have purchased or leased from HP are free from defects in materials or workmanship under normal use during the Limited Warranty Period. The Limited Warranty Period starts on the date of purchase or lease from HP. Your dated sales or delivery receipt, showing the date of purchase or lease of the product, is your proof of the purchase or lease date. You may be required to provide proof of purchase or lease as a condition of receiving warranty service. You are entitled to hardware warranty service according to the terms and conditions of this document if a repair to your HP Hardware Product is required within the Limited Warranty Period.

> During the Limited Warranty Period, HP will, at its discretion, repair or replace any defective component. All component parts or hardware products removed under this Limited Warranty become the property of HP. In the unlikely event that your HP Hardware Product has recurring failures, HP, at its sole discretion, may elect to provide you with (a) a replacement unit of HP's choosing that is the same or equivalent to your HP Hardware Product in performance or (b) to give you a refund of your purchase price or lease payments (less interest) instead of a replacement. This is your exclusive remedy for defective products.

18        23.     The Limited Warranty Period for each of the HP Hardware Products is one year.

19        24.     Contrary to HP's representations to consumers and retailers and contrary to the

20    terms of the written Limited Warranty, HP has a corporate policy of commencing the Limited

21    Warranty for the HP Hardware Products prior to the consumer's date of purchase. On

22    information and belief, HP commences the Limited Warranty on the date that it is distributed to

23    the retailer and/or on a date prior to the actual consumer purchase arbitrarily chosen by HP. As a

24    result of this practice, consumers do not receive the full one-year of warranty coverage because

25    coverage begins prior to their purchase of the HP Hardware Products.

26        25.     HP does not disclose to consumers that the Limited Warranty commences prior to

27    the date of purchase and that as a result the Limited Warranty Period is not one year. Instead,

28    when consumers register their new HP Hardware Products with HP, HP requests that the

1  consumer provide HP various personal information to "complete the HP Warranty Status." HP

2  does not request that the consumer provide the date of purchase of the HP Hardware Product.

3  After the consumer finishes providing HP with the requested information, HP displays a message

4  about the warranty start and end date with a notation that the information displayed "may not be

5  accurate." HP does not disclose to consumers that they have a right to request that HP revise the

6  warranty commencement date to coincide with the purchase or how to do so. Instead, the pop-up

7  informs consumers to "wait a few weeks for updated warranty information."

8       26.    If consumers do not immediately call HP to complain about HP's early

9  commencement of the Limited Warranty near the date of purchase and/or before the consumer

10  seeks service under the warranty, HP will not revise the warranty commencement date to coincide

11  with the purchase date. Instead, HP informs those consumers that the warranty commenced prior

12  to purchase because of alleged "pre-activation support." Accordingly, when consumers seek

13  warranty support within one year of purchase, but more than one year after the date that HP

14  commenced the warranty, HP denies warranty support.

15                                    **PLAINTIFF'S EXPERIENCES**

16       27.    On or about November 16, 2013, Defendant marketed and advertised, and Plaintiff

17  purchased, a new HP 2000-2b19wmPC 15" laptop from a Wal-Mart retail store located in

18  Brockton, Massachusetts. Plaintiff read and relied upon Defendants' representation that the laptop

19  was sold with a one-year warranty at the time that he selected the laptop for purchase. At no time

20  prior to Plaintiff's purchase did Defendant inform him that the laptop's Limited Warranty began

21  prior to Plaintiff's purchase or that the Limited Warranty would not extend one year from

22  Plaintiff's date of purchase. Instead, Plaintiff was deceptively led by Defendants to believe that he

23  was purchasing a laptop computer that included a Limited Warranty commencing on his date of

24  purchase and extending one year from his purchase date.

25       28.    Further, the back of the HP PC laptop purchased by Plaintiff included a sticker

26  with the following information:

27       Serial Number:  5CG3310NJ0

28       Product:        D1E80UA#ABA

-5-



Warranty:      1y1y0y

Model:        2000-2b19WM

29.    Plaintiff registered his laptop with HP shortly after he purchased it. He did not notice any messages from HP regarding the start or end date of the Limited Warranty.

30.    In September 2014, Plaintiff began experiencing problems with his Pavilion laptop. In particular, the mouse pad on Plaintiff's laptop stopped functioning. Plaintiff called HP to request warranty support. HP's representative informed Plaintiff that his Limited Warranty Period ended in six days. Plaintiff told HP that was incorrect because he had purchased the computer in November 2013, and thus, his one year Limited Warranty did not expire until November 2014.

31.    The HP representative told Plaintiff that there was, previously undisclosed, "preactivation support" for his computer and that the Limited Warranty had commenced in September 2013. Further, the HP representative said that he had to return computer to HP before the warranty ended or there would be no support for mouse pad malfunction. Plaintiff was forced to pay for overnight shipping to ensure that the laptop reached HP in time. HP replaced the malfunctioning mouse pad and returned it to Plaintiff.

32.    In early November 2014, Plaintiff again began experiencing problems with the functioning of his laptop. Plaintiff received a notification on his laptop that he needed to download updates, which he did. However, during the download process his computer froze and would no longer operate. Plaintiff filed a request for support with HP online, got a ticket number, and telephoned HP to request service on his laptop. The HP representative informed him that the laptop was no longer under warranty so he would be required to pay for phone support. Plaintiff again argued that it was less than a year since he had purchased his laptop so it was still covered by HP's Limited Warranty. Plaintiff asked to speak with a supervisor, whom ultimately told him that he would have to pay for phone support. HP refused to revise the commencement date of the Limited Warranty.

33.    Plaintiff brought the laptop to Best Buy's Geek Squad computer repair service and asked them to evaluate the laptop. They informed him that the laptop had a faulty drive and

-6-



1  would cost approximately $300.00 to replace. Plaintiff did not demand that HP replace the hard

2  drive under the Limited Warranty because both the HP representative and supervisor he had

3  previously spoken to had informed him that his computer was no longer covered by the Limited

4  Warranty. Plaintiff ultimately decided to replace the laptop rather than pay to repair it.

5  **CLASS MEMBERS' EXPERIENCES**

6      34.    Plaintiff's experiences were not an isolated incident. Rather, Defendants truncated

7  the Limited Warranty Period for all the HP Hardware Products sold during the Class Period.

8  Many consumers have publicly complained – on Internet forums and online reviews – about

9  Defendants' deceptive and misleading advertising regarding the Limited Warranty.

10      35.    For example, Joel Mackey wrote "HP Warranty Scam," an article describing HP's

11  truncation of his warranty period on Open Press Wire:

12  > This morning I logged onto our [new] HP Computer [and] I was greeted with a
> notification to complete my HP Warranty Status. I clicked the button and sent HP some

13  > private information that it claimed would help me. After a couple minutes I got a message
> pop up which I am providing in a screenshot below that told me that my warranty had

14  > started on 7/16/2010 and that my warranty would end on 8/9/2012. What is crazy about
> this is that I just purchased this PC on 1/10/2011 (the day of my Birthday) at Costco here

15  > in Overland Park, Kansas. Yes, I still have my receipt and no it wasn't a used computer, it
> wasn't a rebated computer and it wasn't some refurbished computer either. This was a

16  > fresh brand new computer from Costco.

17  *See* http://openpresswire.com/consumer-info/hp-warranty-scam/.

18      36.    Although HP ultimately extended Mr. Mackey's warranty, HP did so only after he

19  complained and demanded that HP remedy the problem. Many other HP customers commented

20  on Mr. Mackey's article stating that they had experienced the same issue. For example on March

21  12, 2011, Sheila commented that the "same thing happened to me….i purchased it in March 2010

22  and they said the warranty was activated in march 09…."

23      37.    Another commented on April 3, 2011 that "I also had a similar experience. They

24  told me my warranty on my computer expired 2 months sooner than it actually expired and I had

25  to send in proof of purchase."

26      38.    Another commenter stated on July 8, 2011, "I agree that the issue could be due to

27  activation made by the Computer Center earlier. In fact, we have the same issue about the HP

28  warranty status."

Class Action Complaint



39.     And another on July 8, 2011 stated "It happened the same to me with a HP Laptop I also got on my birthday. I'm never buying HP again."

40.     On February 25, 2012 Sandra Ogeen commented that "I too am having major problems w HP. My warranty showed August 2011 and I purchased it 11/13/11."

41.     On June 3, 2012, Zee commented that "Wow! I cam across this thread to actually find out if it is a scam. It popped out of nowhere. My mother purchase it December and the start date on the popup says: 6/24/2011."

42.     Nick commented on June 12, 2012 stating that: "I ... have had this exact problem about a year ago when I bought my wife's HP ProBook new from PC World. HP made me jump through all the same hoops as Joel and the explanation given by them was it was the date sold to the reseller! On 17th may 2012 I bought myself an HP laptop (again from PC World). A few weeks later I got a pop-up to check warranty and was amazed again to find the warranty already activated on 16th September 2011. This means a full 8 months of lost warranty if I don't go through all that hassle again! What the hell are HP playing at? It's NO courtesy to customers to have to waste their precious time chasing them to obtain their lawful entitlement!"

43.     On June 22, 2012, Porao Basculante said: "HP made me jump through all the same hoops as Joel and the explanation given by them was it was the date sold to the reseller!"

44.     Although HP does, at least in some cases, revise the warranty commencement date if requested, it does not disclose to consumers that they can request a revision or how to do so. Instead, many consumers, like Plaintiff, purchase HP Hardware Products and receive truncated warranties instead.

## CLASS ALLEGATIONS

45.     Plaintiff brings this action against Defendants, on behalf of himself and all others similarly situated, as a class action pursuant to section 1781 of the California Civil Code. Plaintiff seeks to represent the following class of similarly situated persons, defined as follows:

> All persons who, between April 1, 2011 and the present, purchased, in the United States, any HP Hardware Product from a third-party retailer.

46.     For purposes of this Class Action Complaint, the unmodified word "Class" and the phrase "Class Members" shall refer collectively to all members of the Class, including Plaintiff.

1   Additionally, the term "Class Period" refers to April 1, 2011 to the present.

2       47.    This action has been brought and may properly be maintained as a class action
3   against Defendants because there is a well-defined community of interest in the litigation and the
4   proposed classes are easily ascertainable.

5       48.    Numerosity:  Plaintiff does not know the exact size of the Class, but it is estimated
6   that it is composed of more than 100 persons.  The persons in the Class are so numerous that the
7   joinder of all such persons is impracticable and the disposition of their claims in a class action
8   rather than in individual actions will benefit the parties and the courts.

9       49.    Common Questions Predominate:  This action involves common questions of law
10  and fact to the Class because the Class Members' claims derive from the deceptive, unlawful
11  and/or unfair statements and omissions that led Defendants' customers to believe that they were
12  purchasing hardware that included a warranty that covered the product(s) from the date of
13  purchase and for the specified time period.

14      50.    The common questions of law and fact predominate over individual questions, as
15  proof of a common or single set of facts will establish the right of each Class Member to recover.
16  The questions of law and fact common to the Class include:

17          a)    whether all the HP Hardware Products sold by Defendants during the Class
18              Period included the Limited Warranty;

19          b)    whether Defendants' Limited Warranty for all the HP Hardware Products
20              sold by Defendants during the Class Period commences on a date prior to
21              the date of retail purchase;

22          c)    whether Defendants unfairly, unlawfully and/or deceptively misrepresented
23              the commencement date of Defendants' Limited Warranty for all the HP
24              Hardware Products sold by Defendants during the Class Period;

25          d)    whether Defendants' sale of the HP Hardware Products with the Limited
26              Warranty during the Class Period without disclosing that the warranty
27              commenced on a date prior to the date of retail purchase is misleading to a
28              reasonable consumer, and is capable of, and likely to, mislead a reasonable

consumer and/or was unfair;

          c)    whether the terms of Defendants' Limited Warranty were material to a reasonable consumer;

          f)    whether Defendants' sale of the HP Hardware Products and refusal to honor the Limited Warranty during the full term violates Defendants' contractual covenant that, "[t]he Limited Warranty Period starts on the date of purchase or lease from HP."

          g)    whether Defendants engaged in the alleged conduct knowingly, recklessly, or negligently;

          h)    whether Defendants have been unjustly enriched by its wrongful conduct as alleged herein;

          i)    the nature and extent of damages, equitable remedies, and injunctive relief available to Plaintiff and Class Members; and

          j)    whether class members are entitled to payment of actual, incidental, consequential, exemplary and/or statutory damages plus interest thereon, and if so, what is the nature of such relief.

51.    Typicality: Plaintiff claims are typical of the Class because on or about November 16, 2013, Plaintiff purchased an HP Hardware Product in reliance on HP's misrepresentations and omissions that it included a one-year limited warranty commencing on the date of purchase. Thus, Plaintiff and the Class Members sustained the same injuries and damages arising out of Defendants' conduct in violation of the law. The injuries and damages of each Class Member were caused directly by Defendants' wrongful conduct in violation of law as alleged.

52.    Adequacy: Plaintiff will fairly and adequately protect the interests of the Class Members because it is in his best interests to prosecute the claims alleged herein to obtain full compensation due to him for the unfair and illegal conduct of which he complains. Plaintiff also has no interests that are in conflict with, or antagonistic to, the interests of the Class Members. Plaintiff has retained highly competent and experienced class action attorneys to represent his interests and that of the Class. By prevailing on his own claims, Plaintiff will establish

1  Defendants' liability to all Class Members. Plaintiff and his counsel have the necessary financial

2  resources to adequately and vigorously litigate this class action, and Plaintiff and counsel are

3  aware of their fiduciary responsibilities to the Class Members and are determined to diligently

4  discharge those duties by vigorously seeking the maximum possible recovery for the Class

5  Members.

6       53.    Superiority: There is no plain, speedy, or adequate remedy other than by

7  maintenance of this class action. The prosecution of individual remedies by Class Members will

8  tend to establish inconsistent standards of conduct for Defendants and result in the impairment of

9  the Class Members' rights and the disposition of their interests through actions to which they

10  were not parties. Class action treatment will permit a large number of similarly situated persons

11  to prosecute their common claims in a single forum simultaneously, efficiently, and without the

12  unnecessary duplication of effort and expense that numerous individual actions would engender.

13  Furthermore, as the damages suffered by each Class Member may be relatively small, the

14  expenses and burden of individual litigation would make it difficult or impossible for individual

15  Class Members to redress the wrongs done to them, while an important public interest will be

16  served by addressing the matter as a class action. .

17       54.    Nexus to California. The State of California has a special interest in regulating the

18  affairs of corporations that do business here. HP has its principal place of business in California,

19  and the acts complained of herein emanated from decisions made by HP in California.

20  Accordingly, there is a substantial nexus between Defendants' unlawful behavior and California

21  such that the California courts should take cognizance of this action on behalf of classes of

22  individuals who reside anywhere in the United States.

23       55.    Plaintiff is unaware of any difficulties that are likely to be encountered in the

24  management of this action that would preclude its maintenance as a class action.

25

26

27

28

-11-

### CAUSES OF ACTION

### PLAINTIFF'S FIRST CAUSE OF ACTION
**(Violation of the California Consumers Legal Remedies Act (the "CLRA"),
California Civil Code § 1750, *et seq.*)
On Behalf of Plaintiff and the Classes**

56.    Plaintiff realleges and incorporates the paragraphs of this Class Action Complaint as if set forth herein.

57.    Defendants' actions, representations and conduct have violated, and continue to violate the CLRA, because they extend to transactions that are intended to result, or which have resulted, in the sale or lease of goods or services to consumers.

58.    Plaintiff and the Class Members are "consumers" as that term is defined by the CLRA in California Civil Code § 1761(d).

59.    The HP Hardware Products that Plaintiff (and other similarly situated class members) purchased from Defendants were "goods" within the meaning of California Civil Code § 1761(a).

60.    Defendants' acts and practices, set forth in this Class Action Complaint, led customers to falsely believe that the HP Hardware Products were sold with a Limited Warranty that commenced at the date of retail purchase and extended for one year following the date of the retail purchase.  On the contrary, Defendants commence the Limited Warranty prior to the retail purchase and thus truncate the Limited Warranty Period.  By engaging in the actions, representations and conduct set forth in this Class Action Complaint, Defendants have violated, and continue to violate, §§ 1770(a)(5), 1770(a)(7), and 1770(a)(9) of the CLRA. In violation of California Civil Code §1770(a)(5), Defendants' acts and practices constitute improper representations that the goods they sell have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities, which they do not have.  In violation of California Civil Code §1770(a)(7), Defendants' acts and practices constitute improper representations that the goods they sell are of a particular standard, quality, or grade, when they are of another. In violation of California Civil Code §1770(a)(9), Defendants have advertised goods or services with intent not to sell them as advertised.

1    61.    Plaintiff requests that this Court enjoin Defendants from continuing to employ the

2  unlawful methods, acts and practices alleged herein pursuant to California Civil Code

3  § 1780(a)(2).  If Defendants are not restrained from engaging in these types of practices in the

4  future, Plaintiff and the other members of the Class will continue to suffer harm.

5    62.    CLRA § 1782 NOTICE. **Irrespective of any representations to the contrary in**

6  **this Class Action Complaint, Plaintiff specifically disclaims, at this time, any request for**

7  **damages under any provision of the CLRA.** Plaintiff, however, hereby provides Defendants

8  with notice and demand that within thirty (30) days from that date, Defendants correct, repair,

9  replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of

10  herein. Defendants' failure to do so will result in Plaintiff amending this Class Action Complaint

11  to seek, pursuant to California Civil Code § 1780(a)(3), on behalf of himself and those similarly

12  situated Class Members, compensatory damages, punitive damages and restitution of any ill-

13  gotten gains due to Defendants' acts and practices.

14    63.    Plaintiff also requests that this Court award him his costs and reasonable attorneys'

15  fees pursuant to California Civil Code § 1780(d).

16             **PLAINTIFF'S SECOND CAUSE OF ACTION**
                        (False Advertising in violation of
17  **California Business and Professions Code § 17500, *et seq.* ("FAL"), and in the alternative,**
                              **Mass. G.L. c. 266A § 91)**
18                   **On Behalf Plaintiff and the Classes**

19    64.    Plaintiff realleges and incorporates by reference the paragraphs of this Class

20  Action Complaint as if set forth herein.

21    65.    Beginning at an exact date unknown to Plaintiff, but within three (3) years

22  preceding the filing of the Class Action Complaint, Defendants made untrue, false, deceptive

23  and/or misleading statements in connection with the advertising and marketing of the HP

24  Hardware Products.

25    66.    Defendants made representations and statements (by omission and commission)

26  that led reasonable customers to believe that the HP Hardware Products included a Limited

27  Warranty that commenced on the date of retail purchase.  Defendants' did not disclose the fact

28  that the Limited Warranty commenced prior to the date of retail purchase.

67.    Plaintiff and those similarly situated relied to their detriment on Defendants' false, misleading and deceptive advertising and marketing practices, including each of the misrepresentations and omissions set forth in paragraphs 24-26 above. Had Plaintiff and those similarly situated been adequately informed and not intentionally deceived by Defendants, they would have acted differently by, without limitation, refraining from purchasing the HP Hardware Products or paying less for them.

68.    Defendants' acts and omissions are likely to deceive the general public. Defendants were and are aware that their concealment, omission, and misrepresentation of the commencement of the Limited Warranty will cause Plaintiff and the Class Members to unknowingly purchase hardware with less than the advertised Limited Warranty coverage, and intended this result.

69.    Defendants engaged in these false, misleading and deceptive advertising and marketing practices to increase their profits. Accordingly, Defendants have engaged in false advertising, as defined and prohibited by section 17500, *et seq.* of the California Business and Professions Code and Mass. G.L. c. 266A § 91.

70.    The aforementioned practices, which Defendants used, and continue to use, to its significant financial gain, also constitutes unlawful competition and provides an unlawful advantage over Defendants' competitors as well as injury to the general public.

71.    As a direct and proximate result of such actions, Plaintiff and the other class members have suffered, and continue to suffer, injury in fact and have lost money and/or property as a result of such false, deceptive and misleading advertising in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court. In particular, Plaintiff and the Class Members suffered an ascertainable loss in the form of diminished value of the HP Hardware Products resulting from a truncated Limited Warranty period. Plaintiff and the Class Members did not receive the benefit of their bargains because they were sold HP Hardware Products which were represented to include the Limited Warranty commencing on the dates of retail purchase, but actually had less Limited Warranty coverage.

72.    Plaintiff seeks, on behalf of himself and those similarly situated, full restitution of

1 monies, as necessary and according to proof, to restore any and all monies acquired by

2 Defendants from Plaintiff, the general public, or those similarly situated by means of the false,

3 misleading and deceptive advertising and marketing practices complained of herein, plus interest

4 thereon.

5    73.    Plaintiff seeks, on behalf of himself and those similarly situated, a declaration that

6 the above-described practices constitute false, misleading and deceptive advertising.

7    74.    Plaintiff seeks, on behalf of himself and those similarly situated, an injunction to

8 prohibit Defendants from continuing to engage in the false, misleading and deceptive advertising

9 and marketing practices complained of herein. Such misconduct by Defendants, unless and until

10 enjoined and restrained by order of this Court, will continue to cause injury in fact to the general

11 public and the loss of money and property in that Defendants will continue to violate the laws of

12 California and Massachusetts, unless specifically ordered to comply with the same. This

13 expectation of future violations will require current and future consumers to repeatedly and

14 continuously seek legal redress in order to recover monies paid to Defendants to which

15 Defendants are not entitled. Plaintiff, those similarly situated and/or other consumers nationwide

16 have no other adequate remedy at law to ensure future compliance with the laws alleged to have

17 been violated herein.

18                **PLAINTIFF'S THIRD CAUSE OF ACTION**
                 **(Fraud, Deceit and/or Misrepresentation Under Common Law)**
19                     **On Behalf of Plaintiff and the Classes**

20    75.    Plaintiff realleges and incorporates by reference the paragraphs of this Class

21 Action Complaint as if set forth herein.

22    76.    On or about November 16, 2013, Defendants fraudulently and deceptively

23 informed Plaintiff that the HP Hardware Product he purchased included a Limited Warranty that:

24 (i) commenced on the date of retail purchase and (ii) extended for one year from the date of retail

25 purchase. Further, on or about November 16, 2013, Defendants failed to inform Plaintiff that the

26 Limited Warranty: (i) commenced prior to the date of retail purchase and (ii) did not extend for

27 one year from the date of retail purchase.

28    77.    These misrepresentations and omissions were known exclusively to, and actively

-15-

Class Action Complaint

1  concealed by, Defendants, not reasonably known to Plaintiff, and material at the time they were

2  made. Defendants knew that the Limited Warranty commenced prior to the date of retail

3  purchase and that, as a consequence, the duration of the Limited Warranty was shorter than the

4  term represented.

5       78.    Defendants' misrepresentations and omissions concerned material facts that were

6  essential to the analysis undertaken by Plaintiff as to whether to purchase the HP Hardware

7  Product. Further, Defendants knew that the Limited Warranty was material to Plaintiff and the

8  Class Members and constituted a benefit of the bargain. In misleading Plaintiff and not so

9  informing Plaintiff, Defendants breached their duty to him. Defendants also gained financially

10  from, and as a result of, their breach.

11       79.    Plaintiff and those similarly situated relied to their detriment on Defendants'

12  misrepresentations and fraudulent omissions. Had Plaintiff and those similarly situated been

13  adequately informed and not intentionally deceived by Defendants, they would have acted

14  differently by, without limitation: (i) declining to purchase the HP Hardware Product and/or (ii)

15  paying less for the HP Hardware Product.

16       80.    By and through such fraud, deceit, misrepresentations and/or omissions,

17  Defendants intended to induce Plaintiff and those similarly situated to alter their position to their

18  detriment. Specifically, Defendants fraudulently and deceptively induced Plaintiff and those

19  similarly situated to, without limitation, to purchase the HP Hardware Products.

20       81.    Plaintiff and those similarly situated justifiably and reasonably relied on

21  Defendants' misrepresentations and omissions, and, accordingly, were damaged by Defendants.

22       82.    As a direct and proximate result of Defendants' misrepresentations and/or

23  omissions, Plaintiff and those similarly situated have suffered damages, including, without

24  limitation: (i) the amount paid for the HP Hardware Products and (ii) the premium paid for the

25  Limited Warranty included in the purchase price for the HP Hardware Products.

26       83.    Defendants' conduct as described herein was wilful and malicious and was

27  designed to maximize Defendants' profits even though Defendants knew that it would cause loss

28  and harm to Plaintiff and those similarly situated.



## PLAINTIFF'S FOURTH CAUSE OF ACTION
### (Unlawful, unfair, and deceptive trade practices violation of
### California Business and Professions Code § 17200, *et seq.*, and in the alternative,
### Mass. G. L. c 93A)
### On Behalf of Plaintiff and the Classes

84.     Plaintiff realleges and incorporates by reference the paragraphs of this Class Action Complaint as if set forth herein.

85.     Within four (4) years preceding the filing of this lawsuit, and at all times mentioned herein, Defendants have engaged, and continues to engage, in unlawful, unfair, and deceptive trade practices in violation of California Bus. & Prof. Code § 17200, *et seq.* and Mass. G.L. c. 93A §§ 2, 9, as described in this complaint.

86.     In particular, Defendants have engaged, and continues to engage, in unlawful practices by, without limitation, violating the following state laws: (i) the CLRA as described herein and (ii) the FAL as described herein.

87.     In particular, Defendants have engaged, and continues to engage, in unfair and fraudulent practices by, without limitation, the following: (i) misrepresenting the commencement date of the Limited Warranty; (ii) misrepresenting the Limited Warranty Term; (iii) failing to inform Plaintiff, and those similarly situated, that the Limited Warranty commenced prior to retail purchase of the HP Hardware Products; and (iv) failing to inform Plaintiff, and those similarly situated, that the Limited Warranty Term did not extend one year from the retail date of purchase.

88.     Plaintiff, and those similarly situated, relied to their detriment on Defendants' unlawful, unfair, and fraudulent business practices.  Had Plaintiff, and those similarly situated, been adequately informed and not deceived by Defendants, they would have acted differently by, without limitation, (i) declining to purchase the HP Hardware Products or (ii) paying less for the HP Hardware Products.

89.     Defendants' acts and omissions are likely to deceive the general public.

90.     Defendants engaged in these deceptive and unlawful practices to increase their profits. Accordingly, Defendants have engaged in unlawful trade practices, as defined and prohibited by section 17200, *et seq.* of the California Business and Professions Code and Mass. G.L. c. 93A §§ 2, 9.



91.    Defendants' violations of Massachusetts G.L. c. 93A were done wilfully, knowingly, and in bad faith.

92.    The aforementioned practices, which Defendants have used to their significant financial gain, also constitute unlawful competition and provide an unlawful advantage over Defendants' competitors as well as injury to the general public.

93.    As a direct and proximate result of such actions, Plaintiff and the Class Members, have suffered and continue to suffer injury in fact and have lost money and/or property as a result of such deceptive and/or unlawful trade practices and unfair competition in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.  Among other things, Plaintiff and the class members lost the amount they paid for the HP Hardware Products and the premium they paid for the one-year Limited Warranty with their purchase of the HP Hardware Products.

94.    **Mass. G.L. c. 93A, §§ 2, 9 NOTICE.** Plaintiff hereby provides Defendants with notice and demand that within thirty (30) days, Defendants correct, repair, replace or otherwise rectify the unlawful, unfair, false and/or deceptive practices complained of herein. Defendants' failure to do so will result in Plaintiff amending this Class Action Complaint to seek, pursuant to Mass. G.L. c. 93A, § 9, on behalf of himself and those similarly situated Class Members, compensatory damages and punitive damages due to Defendants' acts and practices.

95.    As a direct and proximate result of such actions, Defendants have enjoyed, and continue to enjoy, significant financial gain in an amount which will be proven at trial, but which is in excess of the jurisdictional minimum of this Court.

96.    Plaintiff seeks, on behalf of himself and those similarly situated, full restitution of monies, as necessary and according to proof, to restore any and all monies acquired by Defendants from Plaintiff, the general public, or those similarly situated by means of the deceptive and/or unlawful trade practices complained of herein, plus interest thereon.

97.    Plaintiff seeks, on behalf of those similarly situated, a declaration that the above-described trade practices are fraudulent, unfair, and/or unlawful.

98.    Plaintiff seeks, on behalf of those similarly situated, an injunction to prohibit

-18-

Class Action Complaint



1    Defendants from continuing to engage in the deceptive and/or unlawful trade practices

2    complained of herein. Such misconduct by Defendants, unless and until enjoined and restrained

3    by order of this Court, will continue to cause injury in fact to the general public and the loss of

4    money and property in that Defendants will continue to violate the laws of California and

5    Massachusetts, unless specifically ordered to comply with the same. This expectation of future

6    violations will require current and future consumers to repeatedly and continuously seek legal

7    redress in order to recover monies paid to Defendants to which Defendants were not entitled.

8    Plaintiff, those similarly situated and/or other consumers nationwide have no other adequate

9    remedy at law to ensure future compliance with California and Massachusetts laws alleged to

10   have been violated herein.

11         99.    As a result of Defendants' violation of Mass. G.L. c. 93A, Defendants are liable to

12   Plaintiff and the Class for up to three times the damages that Plaintiff and the Class incurred, or at

13   the very least the statutory minimum award of $25 per sale of the HP Hardware Products,

14   together with all related court costs and attorneys' fees.

15              **PLAINTIFF'S FIFTH CAUSE OF ACTION**

16   **(Breach of Express Warranty Under California, Massachusetts, and Common Law)**
     **On Behalf of Himself and the Class**

17         100.   Plaintiff realleges and incorporates by reference the paragraphs of this complaint

18   as if set forth herein.

19         101.   This cause of action is brought pursuant to California Commercial Code § 2100, *et*

20   *seq.*, Mass. G.L. c. 106, *et seq.*, as well as the common law.

21         102.   Plaintiff, and those similarly situated, were "buyers" of goods as defined in

22   California Commercial Code § 2103 and Mass. G.L. c. 106 § 2-103.

23         103.   Defendants were "sellers" and "merchants" as those terms are defined in

24   California Commercial Code §§ 2103 and 2104 and Mass. G.L. c. 106 §§ 2-103 and 2-104.

25         104.   Plaintiff, and those similarly situated who purchased the HP Hardware Products

26   received materially similar, if not identical, written warranties from Defendants. Defendants'

27   written product warranties state, in pertinent part, in similar or identical terms, as follows:

28         This Limited Warranty applies only to HP-branded and Compaq-branded hard-
           ware products (collectively referred to in this document as "HP Hardware Pro-

                                          -19-



ducts") sold by or leased from Hewlett-Packard Company, its worldwide subsid-
iaries, affiliates, authorized resellers, or country distributors (collectively referred
to in this Limited Warranty as "HP") with this Limited Warranty. The term "HP
Hardware Product" is limited to the hardware components and required firmware.
...

HP guarantees that the HP Hardware Products that you have purchased or leased
from HP are free from defects in materials or workmanship under normal use dur-
ing the Limited Warranty Period. The Limited Warranty Period starts on the date
of purchase or lease from HP. Your dated sales or delivery receipt, showing the
date of purchase or lease of the product, is your proof of the purchase or lease
date. You may be required to provide proof of purchase or lease as a condition of
receiving warranty service. You are entitled to hardware warranty service accord-
ing to the terms and conditions of this document if a repair to your HP Hardware
Product is required within the Limited Warranty Period.

During the Limited Warranty Period, HP will, at its discretion, repair or replace
any defective component. All component parts or hardware products removed
under this Limited Warranty become the property of HP. In the unlikely event that
your HP Hardware Product has recurring failures, HP, at its sole discretion, may
elect to provide you with (a) a replacement unit of HP's choosing that is the same
or equivalent to your HP Hardware Product in performance or (b) to give you a
refund of your purchase price or lease payments (less interest) instead of a re-
placement. This is your exclusive remedy for defective products. ...

105.    These representations became part of the basis of the bargain in the purchases by
Plaintiff, and those similarly situated, of the HP Hardware Products, and thus qualify as "express
warranties" as defined by section 2313 of the California Commercial Code and Mass. G.L. c. 106
§§ 2-313 in connection with the sale of goods to Plaintiff and those similarly situated.

106.    Defendants breached the written warranty because Defendants refuse to perform
their obligations under the Limited Warranty during the entirety of the Limited Warranty Period.
After Plaintiff, and those similarly situated, purchased the HP Hardware Products, Defendants
assert that the Limited Warranty Period commenced, not at the time of retail purchase as stated in
the Limited Warranty, but instead, sometime period to retail purchase.  This was not apparent to
Plaintiff, and those similarly situated, at the time of purchase because Defendants' failed to
disclose and concealed this fact.

107.    As a result of Defendants' sale of the HP Hardware Products without the Limited
Warranty as promised, Plaintiff, and those similarly situated, have suffered damages.

### PLAINTIFF'S SIXTH CAUSE OF ACTION
### (Breach of Contract Under Common Law)
### On Behalf of Himself and the Class

108.    Plaintiff realleges and incorporates by reference the paragraphs of this complaint as if set forth herein.

109.    Between HP and each Class Member, there exists a legally enforceable, valid contract for HP's performance of the Limited Warranty, which states verbatim or in language with equivalent, unambiguous connotation, capable of common proof, that the "Limited Warranty Period starts on the date of purchase or lease from HP."

110.    The term of the contract between Plaintiff and the Class and HP requires Defendants to provide Plaintiff and the Class with one year of Limited Warranty coverage on all the HP Hardware Products.

111.    The term and coverage of the Limited Warranty became a benefit of the bargain in Plaintiff and the class members' purchases of the HP Hardware Products.

112.    Plaintiff and each Class Member performed all covenants and conditions precedent to Defendants honoring the terms of the Limited Warranty, including paying or agreeing to pay the purchase price of the HP Hardware Products.

113.    Plaintiff relied upon Defendants' representation in the language of the Limited Warranty that commencement of the Limited Warranty's one year term began on the date of the retail purchase.

114.    Plaintiff and each Class Member are in contractual privity with HP, as it is the promisor under the Limited Warranty.

115.    The HP Hardware Products do not conform to Defendants' representations that HP Hardware Products include a one year Limited Warranty Period, because Defendants systematically fail and refuse to honor the Limited Warranty commencing with the retail purchase date.

116.    HP breached its contract with Plaintiff and each Class Member by systemically failing and refusing to honor the full term of Limited Warranty for the HP Hardware Products.

117.    Defendant's breach of its contractual covenant to provide one year of Limited Warranty coverage for the HP Hardware Products is a material breach of contract.

-21-

118.   As a direct and proximate result of Defendants' breach of contract, Plaintiff and each Class Member has experienced loss, cost, damage and expense, in an amount to be proved at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

A.   On Cause of Action Number 1 (for violation of the Consumers Legal Remedies Act) against Defendants and in favor of Plaintiff and the Class Members:

    1.   For injunctive relief pursuant to California Civil Code section 1780;

    2.   [RESERVED]:

    3.   [RESERVED]; and

    4.   [RESERVED].

B.   On Causes of Action Numbers 2 (for false advertising) and 4 (for violation of the California Unfair Competition Law, and in the alternative, Massachusetts Consumer Protection Act) against Defendants and in favor of Plaintiff and the Class Members:

    1.   For restitution pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.*;

    2.   For injunctive relief pursuant to, without limitation, the California Business & Professions Code §§ 17200, *et seq.* and 17500, *et seq.* and Mass. G.L. c. 93A § 11 and Mass. G.L. c. 266A § 91;

    3.   An award of compensatory damages, the amount of which is to be determined at trial, pursuant to, without limitation, Mass. G.L. c. 93A § 11;

    4.   An award of punitive damages, the amount of which is to be determined at trial, pursuant to, without limitation, Mass. G.L. c. 93A § 11; and

    5.   For a declaration that Defendants' above-described trade practices

are fraudulent and/or unlawful.

D.  On Cause of Action Numbers 3 (for fraud, deceit and/or misrepresenta-
tion), 5 (breach of express warranty), and 6 (breach of contract) against
Defendants and in favor of Plaintiff and the Class Members:

    1.  An award of compensatory damages, the amount of which is to be
determined at trial; and

    2.  An award of punitive damages, the amount of which is to be deter-
mined at trial.

E.  On all Causes of Action against Defendants and in favor of Plaintiff and
the other members of the Classes:

    1.  For reasonable attorneys' fees according to proof pursuant to, with-
out limitation, the California Legal Remedies Act, California Code
of Civil Procedure § 1021.5 and Mass. G.L. c. 93A § 11;

    2.  For costs of suit incurred; and

    3.  For such further relief as this Court may deem just and proper.

Class Action Complaint

1

**JURY TRIAL DEMANDED**

2

Plaintiff hereby demands a trial by jury.

3

Dated: April 1, 2015          **GUTRIDE SAFIER LLP**

4

5

6

7

         Adam J. Gutride, Esq.

8

         Seth A. Safier, Esq.
         Marie A. McCrary, Esq.
         100 Pine Street, Suite 1250

9

         San Francisco, CA 94111

10

         Attorneys for Plaintiff

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

-24-

Class Action Complaint

# Exhibit A

**EXHIBIT A**

I, Seth A. Safier, declare:

1. I am an attorney licensed to practice law in the State of California and admitted to practice before this Court, and am a partner of the law firm Gutride Safier LLP. I have personal knowledge of the facts stated herein and, if called as a witness, I could and would competently testify thereto. I am counsel for Maury Adkins, the Plaintiff in this action.

2. I submit this Declaration pursuant to California Code of Civil Procedure section 2215.5 and California Civil Code section 1780(d).

3. Defendant Hewlett Packard Company's principal place of business is located at 3000 Hanover Street, Palo Alto, California 94304-1185.

I declare under penalty of perjury under the laws of California that the foregoing is true and correct.

Executed this 1st day of April, 2015, in San Francisco, California.

Seth A. Safier

-1-

SETH A. SAFIER DECLARATION RE CAL. CIV. CODE SECTION 1780(D) JURISDICTION