United States District Court
Northern District of California

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| MAURY ADKINS, | Case No.  15-cv-02035-BLF |
| Plaintiff, | |
| | **ORDER GRANTING DEFENDANT'S MOTION TO DISMISS WITH LEAVE TO AMEND** |
| v. | |
| HEWLETT-PACKARD COMPANY, | [Re:  ECF 14] |
| Defendant. | |

This putative class action concerns a one-year limited warranty on computer hardware that is supposed to commence on the date of purchase.  Plaintiff Maury Adkins ("Plaintiff") claims that defendant Hewlett-Packard Company ("Defendant" or "HP") has a corporate policy of beginning the warranty term earlier than the date of purchase for HP computers sold through retailers, purportedly for the purpose of providing "pre-activation support."  Compl. ¶¶ 3, 26, 31, ECF 1-1. Consumers may not be aware of this policy because when they register their HP computers to activate the warranty, they are not asked for their date of purchase, nor do they receive an accurate start and end date for the warranty.  *Id.* ¶ 25.  Plaintiff further alleges that unless a consumer asks HP to revise the commencement date to coincide with the date of purchase at the beginning of the warranty term, HP will deny warranty support one year after the start of the "pre-activation support" period even if the consumer requests support within one year of the date of purchase.  *Id.* ¶ 26.  Based on this alleged policy, Plaintiff was unable to obtain warranty support in November 2014 for an HP laptop that he purchased from Wal-Mart on November 16, 2013.  *Id.* ¶¶ 27, 32. Plaintiff therefore seeks to represent a nationwide class on claims against Defendant for (1) violation of California's Consumers Legal Remedies Act ("CLRA"), Cal. Civil Code § 1750 *et seq.*; (2) violation of California's False Advertising Law ("FAL"), Cal. Bus. & Prof. Code § 17500

*et seq.*; (3) fraud, deceit, and misrepresentation; (4) violation of California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code § 17200 *et seq.*; (5) breach of express warranty; and (6) breach of contract.

Before the Court is Defendant's Motion to Dismiss, ECF 14, which was heard on August 20, 2015.  For the reasons stated on the record and summarized below, the motion is GRANTED with leave to amend.[1]

All of Plaintiff's claims rest on a theory of fraud and/or misrepresentation that has evolved somewhat between the Complaint and the briefing on Defendant's motion.  By Plaintiff's own admission, the Complaint is not entirely clear in stating that the claims in this case revolve around Defendant's alleged policy of starting the one-year warranty before purchase for "pre-activation support."  Plaintiff shall therefore have leave to amend to more clearly articulate his theory and the "who, what, when, where, and how" of Defendant's fraud, with particular emphasis on the "what." *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1106 (9th Cir. 2003).

Because Plaintiff purchased his HP computer in Massachusetts and is not a California resident, Plaintiff must allege facts to demonstrate that he can state claims for relief under California law.[2]  The ordinary presumption against the extraterritorial application of California law applies with full force to the UCL, FAL, and CLRA.  *See Sullivan v. Oracle Corp.*, 51 Cal. 4th 1191, 1207 (2011); *Wilson v. Frito-Lay N. Am., Inc.*, 961 F. Supp. 2d 1134, 1147-48 (N.D. Cal. 2013).  Where none of the alleged misconduct or injuries occurred in California, a non-California resident cannot sustain claims under California law.  *Wilson*, 961 F. Supp. 2d at 1147.  "In determining whether California law should apply to a certain claim, courts consider facts like where the defendant is located, where the class members are located, and where decisions about the behavior in question were made."  *Id.* at 1148 (citing *In re Toyota Motor Corp.*, 785 F. Supp. 2d 883, 917 (C.D. Cal. 2011).  Here, although Defendant is headquartered in California, it is not

---

[1] Defendant's Request for Judicial Notice, ECF 20, is DENIED because the Court finds the email communications between HP and Plaintiff neither appropriate for judicial notice nor incorporated by reference into the Complaint.  The emails and Federal Rule of Civil Procedure 11 should, however, inform how Plaintiff amends the allegations in the Complaint.

[2] Defendant does not challenge Plaintiff's alternative pleadings under Massachusetts law.

United States District Court
Northern District of California

clear where the allegedly unlawful conduct took place, in large part because Plaintiff's theory of liability still requires clarification.  Plaintiff must therefore amend to allege facts regarding the nexus between his claims and California sufficient to overcome the presumption against extraterritoriality.

Plaintiff shall file his amended complaint by **no later than October 20, 2015.**  In light of the Court's ruling on Defendant's Motion to Dismiss, the Court finds good cause to CONTINUE the Initial Case Management Conference in this matter to December 17, 2015 at 11:00 a.m. in Courtroom 3, 5th Floor, **San Jose**.

**IT IS SO ORDERED.**

Dated: August 20, 2015

BETH LABSON FREEMAN
United States District Judge